UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

June 12, 2021

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Jennifer Bridges, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-21-1774 |
| | § | |
| Houston Methodist Hospital, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Order on Dismissal

1.   *Background.*

On April 1, 2021, Houston Methodist Hospital announced a policy requiring employees be vaccinated against COVID-19 by June 7, 2021, starting with the leadership and then inoculating the remaining workers, all at its expense.

Jennifer Bridges and 116 other employees sued to block the injection requirement and the terminations. She argued that Methodist is unlawfully forcing its employees to be injected with one of the currently-available vaccines or be fired. The hospital has moved to dismiss this case.

2.   *Wrongful Termination.*

Bridges dedicates the bulk of her pleadings to arguing that the currently-available COVID-19 vaccines are experimental and dangerous. This claim is false, and it is also irrelevant. Bridges argues that, if she is fired for refusing to be injected with a vaccine, she will be wrongfully terminated. Vaccine safety and efficacy are not considered in adjudicating this issue.

Texas law only protects employees from being terminated for refusing to commit an act carrying criminal penalties to the worker.[1] To succeed on a wrongful termination claim, Bridges must show that (a) she was required to

---

[1] *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

commit an illegal act – one carrying criminal penalties, (b) she refused to engage in the illegality, (c) she was discharged, and (d) the only reason for the discharge was the refusal to commit an unlawful act.[2]

Bridges does not specify what illegal act she has refused to perform, but in the press-release style of the complaint, she says that she refuses to be a "human guinea pig." Receiving a COVID-19 vaccination is not an illegal act, and it carries no criminal penalties. She is refusing to accept inoculation that, in the hospital's judgment, will make it safer for their workers and the patients in Methodist's care.

Bridges also argues that the injection requirement violates public policy. Texas does not recognize this exception to at-will employment, and if it did, the injection requirement is consistent with public policy. The Supreme Court has held that (a) involuntary quarantine for contagious diseases and (b) state-imposed requirements of mandatory vaccination do not violate due process.[3]

On May 28, 2021, the Equal Employment Opportunity Commission said that employers can require employees be vaccinated against COVID-19 subject to reasonable accommodations for employees with disabilities or sincerely held religious beliefs that preclude vaccination. This is not binding, but it is advice about the position one is likely to meet at the Commission.

Her wrongful termination claim fails.

3.    *Public Policy.*

Bridges also asks this court to declare that the injection requirement is invalid because it violates federal law. She says that no one can be mandated to receive "unapproved" medicines in emergencies, and she insists that no currently-available vaccines have been fully approved by the Food and Drug

---

[2] *Id.*

[3] *Jacobson v. Massachusetts*, 197 U.S. 11 (1905) (the state's compulsory vaccination law did not violate the Fourteenth Amendment); *Compagnie Francoise De Navigation a Vapeur v. Bd. of Health of State of La.*, 186 U.S. 380 (1902) (Louisiana law requiring involuntary quarantine during a yellow fever outbreak was a reasonable exercise of state police power).

Administration.[4]

Federal law authorizes the Secretary of Health and Human Services to introduce into interstate commerce medical products intended for use in an emergency.[5] It also requires the Secretary to ensure product recipients understand the "potential benefits and risks of use" and "the option to accept or refuse administration of the product."[6]

Bridges has misconstrued this provision. It confers certain powers and responsibilities to the Secretary of Health and Human Services in an emergency. It neither expands nor restricts the responsibilities of private employers; in fact, it does not apply at all to private employers like the hospital in this case. It does not confer a private opportunity to sue the government, employer, or worker. Bridges's claim that the injection requirement violates 21 U.S.C. § 360bbb-3 fails.

She also argues that injection requirement violates federal law governing the protection of "human subjects." She says that the injection requirement is forcing its employees to participate in a human trial because no currently-available vaccine has been fully approved by the Food and Drug Administration. Federal law requires participants give legal, effective, and informed consent before participating in a human trial; this consent cannot be obtained through coercion or undue influence.[7] Bridges says the threat of termination violates the law.[8]

Bridges has again misconstrued this provision, and she has now also misrepresented the facts. The hospital's employees are not participants in a human trial. They are licensed doctors, nurses, medical technicians, and staff members. The hospital has not applied to test the COVID-19 vaccines on its

---

[4] 21 U.S.C. § 360bbb-3.

[5] *Id.*

[6] *Id.*

[7] 45 C.F.R. § 46.116.

[8] *Id.*

employees, it has not been approved by an institutional review board, and it has not been certified to proceed with clinical trials. Bridges's claim that the injection requirement violates 45 C.F.R. § 46.116 also fails.

She also says that the injection requirement is invalid because it violates the Nuremberg Code, and she likens the threat of termination in this case to forced medical experimentation during the Holocaust. The Nuremberg Code does not apply because Methodist is a private employer, not a government. Equating the injection requirement to medical experimentation in concentration camps is reprehensible. Nazi doctors conducted medical experiments on victims that caused pain, mutilation, permanent disability, and in many cases, death.

Although her claims fail as a matter of law, it is also necessary to clarify that Bridges has not been coerced. Bridges says that she is being forced to be injected with a vaccine or be fired. This is not coercion. Methodist is trying to do their business of saving lives without giving them the COVID-19 virus. It is a choice made to keep staff, patients, and their families safer. Bridges can freely choose to accept or refuse a COVID-19 vaccine; however, if she refuses, she will simply need to work somewhere else.

If a worker refuses an assignment, changed office, earlier start time, or other directive, he may be properly fired. Every employment includes limits on the worker's behavior in exchange for his remuneration. That is all part of the bargain.



4.    *Conclusion.*

Jennifer Bridges and the balance of the plaintiffs will take nothing from Houston Methodist Hospital and Houston Methodist The Woodlands Hospital.

Signed on June **12**, 2021, at Houston, Texas.


Lynn N. Hughes
United States District Judge