# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED

*July 05, 2022*

Nathan Ochsner, Clerk of Court

No. 21-20311

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

JENNIFER BRIDGES; BOB NEVENS; MARIA TREVINO; RICARDO ZELANTE; LATRICIA BLANK; ET AL.,

*Plaintiffs—Appellants,*

*versus*

THE METHODIST HOSPITAL, *doing business as* HOUSTON METHODIST; METHODIST HEALTH CENTERS, *doing business as* HOUSTON METHODIST THE WOODLANDS HOSPITAL,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:21-CV-1774

---

Before JOLLY, ELROD, and HAYNES*, *Circuit Judges.*

PER CURIAM:**

Houston Methodist (HM) hospitals imposed a mandatory COVID-19 vaccination policy on its employees. Plaintiffs, former employees of HM,

---

* Judge Haynes concurs in the judgment only.

** Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20311

allege that they were fired or were going to be fired for refusing to receive the COVID-19 vaccine, as required by the policy. They sued HM for violations of federal law and regulations and for wrongful discharge under Texas law. The district court granted HM's motion to dismiss under Rule 12(b)(6), and plaintiffs appealed. Because plaintiffs do not demonstrate any error in the district court's judgment on the arguments made in that court but instead make an entirely new argument on appeal, we AFFIRM the district court's dismissal of plaintiffs' complaint.

On April 1, 2021, Defendant Houston Methodist[1] announced a mandatory vaccination policy for its employees. The policy was rolled out in two phases, the first applying only to management employees and the second applying to everyone else. Under the policy, HM required employees to either be fully vaccinated (pursuant to either a one- or two-dose vaccine), within a certain period of time, or else apply for exemptions based on medical condition or sincerely held religious belief. Employees who failed to comply with the policy by a certain date—namely, by being vaccinated or qualifying for an exemption—were placed on a two-week, unpaid suspension. Failure to comply with the policy by the end of the two-week suspension would result in immediate dismissal.

Plaintiffs filed suit on May 28, 2021, in Texas state court. HM removed the case to federal court and filed a Rule 12(b)(6) motion to dismiss. In response, plaintiffs filed an amended complaint, the operative complaint here. The complaint set forth three claims: (1) wrongful discharge under

---

[1] Houston Methodist is a hospital system composed of, among other entities, defendant-appellee The Methodist Hospital, *doing business as* Houston Methodist, and defendant-appellee Methodist Health Centers, *doing business as* Houston Methodist The Woodlands Hospital. For convenience, we refer to the defendant-appellees in this case as Houston Methodist (HM).

No. 21-20311

*Sabine-Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), for violating public policy by forcing plaintiffs to engage in an illegal act; (2) wrongful discharge for violating public policy by forcing plaintiffs to receive an experimental vaccine; and (3) violations of federal law and regulations, including 21 U.S.C. § 360bbb-3, 41 C.F.R. 46.101, 46.102, and 46.116, for failure to advise plaintiffs of the risks and benefits of the vaccine and to provide an option to accept or refuse the vaccine.  HM filed another Rule 12(b)(6) motion to dismiss, which the district court granted.  Plaintiffs appeal that decision.[2]

This court reviews dismissals under Rule 12(b)(6) *de novo. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief may be foreclosed "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Plaintiffs appeal only the district court's dismissal of their second claim.  They argue that firing an employee for her refusal to receive an experimental COVID-19 vaccine violates public policy and merits an exception to Texas's general rule of at-will employment.[3]  Pointing to the Supreme Court of Texas's decision in *Sabine Pilot*, 687 S.W.2d at 735,

---

[2] HM removed this case to federal court on the basis of federal-question jurisdiction, 28 U.S.C. § 1331, which was implicated by the plaintiffs' claim that HM violated federal law and regulations.  *See* 28 U.S.C. § 1441.  We have jurisdiction over this final decision of the district court under 28 U.S.C. § 1291.

[3] "The long standing rule in Texas is that employment for an indefinite term may be terminated at will and without cause." *Winters v. Hous. Chron. Pub. Co.*, 795 S.W.2d 723, 723 (Tex. 1990); *see also Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012).

No. 21-20311

plaintiffs ask this court to hold that they have stated a claim for wrongful discharge under Texas law.

In *Sabine Pilot*, the Supreme Court of Texas recognized an exception to the general employment-at-will doctrine. *Id.* At issue was whether "an allegation by an employee that he was discharged for refusing to perform an illegal act states a cause of action" for wrongful discharge. *Id.* at 734. The court held that "public policy, as expressed in the laws of this state and the United States which carry criminal penalties, requires a very narrow exception" to at-will employment. *Id.* at 735. This narrow exception "covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Id.*

Plaintiffs argue that the logic underlying *Sabine Pilot*'s exception for refusals to perform an illegal act should also apply to refusals to receive the (at that time) experimental COVID-19 vaccines.

However, we agree with the district court that plaintiffs' alleged violations of federal law are insufficient to show any violation of public policy for purposes of an at-will-employment exception. Indeed, plaintiffs hardly protest on appeal. Instead of reasserting their reliance on alleged violations of federal law and regulations, plaintiffs have pivoted to alleged violations of Texas law and executive orders, and now even equivocate on whether federal law supports their claim.[4] Federal law does not, and the district court did not err in dismissing plaintiffs' claim.

---

[4] We need not reach plaintiffs' new contentions that Texas law and executive orders are the source of a public-policy exception. In light of the principles of federalism that chaperone our interpretation of Texas law, hazarding a first guess, on appeal, on the meaning of state law is ill-advised.

4

No. 21-20311

We also decline plaintiffs' invitation to certify this question to the Supreme Court of Texas, as plaintiffs did not raise in district court an issue worthy of certification. This court's respect for federal–state comity makes it "chary about certifying questions of law absent a compelling reason to do so," *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997), and there is no compelling reason to do so here.

*    *    *

For these reasons, we AFFIRM.